■ ESTHER MENDOZA, Respondent, v CROWN HEIGHTS COMMUNITY CORPORATION, Also Known as CROWN HEIGHTS NEIGHBORHOOD MANPOWER SERVICE CENTER, Appellant, et al., Defendant.—In an action by an employee, *inter alia*, for back pay, the defendant Crown Heights Community Corporation, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, entered January 20, 1977, as denied the branch of its motion which sought dismissal of the plaintiff's first cause of action and granted the plaintiff's cross motion for summary judgment with regard to that cause of action. Order affirmed insofar as appealed from, without costs or disbursements. Esther Mendoza was discharged as an employee of the appellant on June 24, 1974. The determination was reviewed by the appellant's board of directors and by the New York City Community Development Agency (CDA), which both determined that the plaintiff had been properly discharged and accorded her due process rights. The matter was finally reviewed before the Due Process Panel of the Council Against Poverty (CAP). Its recommendation, as approved by CAP, was that the plaintiff had not been afforded due process procedures, and called for her reinstatement to her former position, with back pay commencing June 24, 1974, less any compensation derived from any other source during her period of termination. We find that the determination of CAP is binding upon the appellant because, in the contract between appellant and CDA, the appellant agreed to comply with any orders and mandates issued by the CAP, *inter alia*, concerning employee terminations and grievances (art III [E]). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ FRANCES A. PAVLIDIS, Respondent, v JOHN PAVLIDIS, Appellant.—In a matrimonial action, the defendant husband appeals from so much of a judgment of divorce of the Supreme Court, Nassau County, dated September 22, 1976, as, after a nonjury trial, made provision with respect to child custody, alimony, child support and counsel fees. Judgment modified, on the facts, by reducing (1) the counsel fee awarded from $5,000 to $3,000 and (2) the amount of the equal monthly installments to be made on account of the counsel fee from $250 to $100. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The trial court's determination as to custody, alimony and child support is supported by the record. The counsel fee award was excessive to the extent indicated herein. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.